IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY D. GLADFELTER, | |
| Petitioner, | 8:18CV432 |
| vs. | |
| MARK FOXALL, Dr.; | **MEMORANDUM AND ORDER** |
| Respondent. | |

After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I will dismiss this 28 U.S.C. § 2241 petition[1] without prejudice.

Petitioner Larry D. Gladfelter filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (filing no. 1) on September 13, 2018, when he was confined at the Douglas County Correctional Center and awaiting disposition on a second amended petition for an offender under supervision in this court in case number 8:97-cr-00129. (*See* Filing No. 113, Case No. 8:97-cr-00129.) According to the court's records, a final hearing regarding revocation of Gladfelter's supervised release was held on September 25, 2018, before Senior Judge Joseph F. Bataillon wherein Gladfelter admitted to one of the allegations of the second amended petition for an offender under supervision and was sentenced to the custody of the U.S. Bureau of Prisons[2] for a term of 12 months and 1 day. (TEXT MINUTE ENTRY No. 117 and Filing No. 119, Case No. 8:97-cr-00129.) To date,

---

[1] Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows me to apply Rule 4 of those rules to a section 2241 petition. *See also* 28 U.S.C. § 2243.

[2] A search conducted through the Federal Bureau of Prisons Inmate Locator website indicates that Gladfelter is currently confined at the Federal Correctional Institution in Pekin, Illinois. https://www.bop.gov/inmateloc/ (last visited Jan. 3, 2019).

Gladfelter has not filed any motion or other type of challenge in case number 8:97-cr-00129 regarding the revocation of his supervised release. Liberally construed, condensed, and summarized, Gladfelter alleges this court in case number 8:97-cr-00129 lacked jurisdiction over the revocation proceedings and seeks to be released from custody.

Because Gladfelter admitted guilt to violating a condition of his supervised release and judgment was entered revoking his supervised release, his § 2241 claim is moot to the extent he sought to challenge his pre-revocation detention.

To the extent Gladfelter states a cognizable jurisdictional claim, such claim is not properly raised in a petition under 28 U.S.C. § 2241. A federal prisoner challenging the legality of his sentence must raise his claims in a 28 U.S.C. § 2255 motion, while a federal prisoner attacking the execution of a sentence should raise his claims in a 28 U.S.C. § 2241 petition in the jurisdiction of incarceration. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *see United States v. Hutchings*, 835 F.2d 185 (8th Cir. 1987) (holding that a federal prisoner challenging the manner, location, or conditions of sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241); *Youngman v. United States*, 3:11-cv-03009, 2011 WL 2312092, *2–3 (D.S.D. June 10, 2011) (dismissing 28 U.S.C. § 2241 petition because it was an attack on the validity of a sentence that should have been made under 28 U.S.C. § 2255). Gladfelter's claim that this court lacked jurisdiction over his revocation proceedings attacks the validity and legality of the court's judgment and sentence upon revocation and must be raised in a motion brought pursuant to 28 U.S.C. § 2255.

Finally, 28 U.S.C. § 2253, which requires the district court to consider whether to issue a certificate of appealability ("COA") on appeal, applies to appeals from the denial or dismissal of habeas petitions under 28 U.S.C. § 2254, habeas petitions by state prisoners under 28 U.S.C. § 2241, and motions to vacate sentence by federal prisoners under 28 U.S.C. § 2255. However, a federal prisoner appealing the denial or dismissal of a § 2241 petition is not required to obtain a

COA. *Langella v. Anderson*, 612 F.3d 938, 939 n.2 (8th Cir. 2010) (citing *Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999)). *See also Montez v. McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000) (A COA is required to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" or "the final order in a proceeding under section 2255;" thus, a state prisoner needs a COA to appeal a § 2241 or § 2254 judgment, but a federal prisoner needs a COA only for a § 2255 appeal, not § 2241.). Because Gladfelter challenged only his detention by federal authorities and is presently confined in federal custody, the court determines that Gladfelter is exempt from the COA requirement.

IT IS THEREFORE ORDERED that:

1. Petitioner's habeas petition (filing no. 1) is dismissed without prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

2. The clerk of the court is directed to send a copy of this Memorandum and Order and the separate judgment to Petitioner at the following address: FCI Pekin, Federal Correctional Institution, P.O. Box 5000, Pekin, IL 61555.

Dated this 4th day of January, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge